WILLIAM K. LANGFAN, Respondent, *v.* S. MICHAEL WALZER, Appellant.

First Department, October 9, 1962.

*Mannis Neumann* of counsel (*Newman, Aronson & Neumann,* attorneys), for appellant.

*Herbert Frutkin* of counsel (*Louis B. Frutkin* with him on the brief), for respondent.

*Per Curiam.* Defendant appeals from an order denying his motion for summary judgment. The action is by a real estate broker against the owner of property for damages for failure to pay plaintiff commissions after plaintiff produced a buyer ready, willing and able to buy the property on the terms given by the defendant. Plaintiff concedes that he executed an agreement, containing the following language:

" (b) In the event the Purchaser shall refuse to accept title for any reason whatsoever, no commission shall be deemed earned on the part of the undersigned  *  *  *.

" (c) No commission shall be deemed earned on the part of the undersigned if title fails to close because of a defect in the owner's title or because of any other fault of the owner."

It is conceded that the purchaser did refuse to accept title. Unless plaintiff shows additional facts, this would be an absolute bar to the action (*Elliman & Co.* v. *Sterling Garage,* 279 App. Div. 20, affd. 304 N. Y. 846). Plaintiff claims that the agreement was exacted from him by fraud and bad faith. Mere allegation is not enough and plaintiff has not submitted facts on which to raise an issue. On the contrary, he states that he

signed the agreement as a matter of course. He claims that the transaction did not ripen into a transfer because the defendant insisted that the existing first mortgage remain on the property and that the balance above the cash payment would be represented by a second mortgage, whereas the purchaser held out for a single mortgage for the total balance in excess of the cash payment. No difference in the terms of the above financing is claimed. This variation in form but not in substance is no evidence of bad faith. If anything, it is a fault of the owner, similar to a defect in title and, as such, specifically provided for in the agreement. No issue was raised.

The order should be reversed on the law and the motion granted, with costs to appellant.

RABIN, J. P., VALENTE, McNALLY, EAGER and STEUER, JJ., concur.

Order, entered on December 5, 1961, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion for summary judgment granted, with $10 costs.